**STUTZ ARTIANO SHINOFF & HOLTZ**
*A Professional Corporation*
Ray J. Artiano, Esq. (State Bar No. 88916)
Richard E. Romero, Esq. (State Bar No. 247056)
2488 Historic Decatur Road, Suite 200
San Diego, CA 92106-6113
Tel: (619) 232-3122; Fax: (619) 232-3264
Email: rromero@stutzartiano.com

Attorneys for Defendant SAN DIEGO COMMUNITY COLLEGE DISTRICT

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACK LAVELL,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO COMMUNITY COLLEGE DISTRICT,<br><br>Defendant. | Case No. 08-CV-0985 WQH WMc<br><br>Courtroom: 4<br>Date: August 4, 2008<br>Time: 11:00 a.m.<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>DEFENDANT SAN DIEGO COMMUNITY COLLEGE DISTRICT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT |

TO PLAINTIFF:

PLEASE TAKE NOTICE that on August 4, 2008 at 11:00 a.m. in the above-entitled court, Defendant SAN DIEGO COMMUNITY COLLEGE DISTRICT ("District"), by and through its attorneys of record, will respectfully move this Court for an order dismissing Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the following grounds:

1. This Court lacks subject matter jurisdiction over District because, as an arm, agency, or instrumentality of the State of California, District is immune from suit in federal court pursuant to the Eleventh Amendment to the United States Constitution. (Federal Rules of Civil Procedure, Rule 12(b)(1).)

2. Plaintiff has failed to state a claim upon which relief can be granted as Plaintiff has failed to state a cognizable legal theory. (Federal Rules of Civil Procedure, Rule 12(b)(6).)

This Motion will be based upon this Motion, the attached Memorandum of Points and Authorities, as well as all the pleadings, discovery, papers, and records on file with the Court herein, as well as other documents and evidence which may be presented at the time of the hearing or for which the Court may take judicial notice.

WHEREFORE, District respectfully requests that this Court grant this Motion to Dismiss, dismiss any and all claims against the District, and grant such other and further relief as the Courts deems equitable and appropriate.

DATED: June 24, 2008

STUTZ ARTIANO SHINOFF & HOLTZ
*A Professional Corporation*

By: s/ Richard E. Romero
Ray J. Artiano
Richard E. Romero
Attorneys for Defendant SAN DIEGO COMMUNITY COLLEGE DISTRICT

# PROOF OF SERVICE

## (State and Federal Court)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego in the office of a member of the bar of this court at whose direction the service was made. My business address is 2488 Historic Decatur Road, Suite 200, San Diego, California 92106-6113.

On June 24, 2008, I served the following document(s):

DEFENDANT SAN DIEGO COMMUNITY COLLEGE DISTRICT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN DIEGO COMMUNITY COLLEGE DISTRICT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

☒ **BY MAIL** by depositing in the United States Postal Service mail box at 2488 Historic Decatur Road, Suite 200, San Diego, California 92106, a true copy thereof in a sealed envelope with postage thereon fully prepaid and addressed as follows:

Jack Lavell — In Pro Per
6523 Lanston Street
San Diego, CA 92111

☐ **BY OVERNIGHT COURIER** by depositing in the facility regularly maintained by OVERNIGHT EXPRESS at 2488 Historic Decatur Road, San Diego, California 92106, a true copy thereof in a sealed envelope with delivery fees fully provided for and addressed as follows:

Jack Lavell — In Pro Per
6523 Lanston Street
San Diego, CA 92111

☐ **BY ELECTRONIC SERVICE** On the date executed below, I served the document(s) via CM/ECF described as ***** on designated recipients through electronic transmission of said documents, a certified receipt is issued to filing party acknowledging receipt by CM/ECF's system. Once CM/ECF has served all designated recipients, proof of electronic service is returned to the filing party.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 24, 2008, at San Diego, California.

s/ Ann Posthill
ANN POSTHILL

**STUTZ ARTIANO SHINOFF & HOLTZ**
*A Professional Corporation*
Ray J. Artiano, Esq. (State Bar No. 88916)
Richard E. Romero, Esq. (State Bar No. 247056)
2488 Historic Decatur Road, Suite 200
San Diego, CA 92106-6113
Tel: (619) 232-3122; Fax: (619) 232-3264
Email: rromero@stutzartiano.com

Attorneys for Defendant SAN DIEGO COMMUNITY COLLEGE DISTRICT

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACK LAVELL,<br>Plaintiff,<br>vs.<br>SAN DIEGO COMMUNITY COLLEGE DISTRICT,<br>Defendant. | Case No. 08-CV-0985 WQH WMc<br>Courtroom: 4<br>Date: August 4, 2008<br>Time: 11:00 a.m.<br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN DIEGO COMMUNITY COLLEGE DISTRICT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT |

The SAN DIEGO COMMUNITY COLLEGE DISTRICT ("District") respectfully submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff JACK LAVELL's ("Plaintiff") Complaint for lack of subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(1), and for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).

**I.**

**STATEMENT OF ALLEGATIONS**

Plaintiff alleges that his grade for a course at Mesa Community College, BUSE 140, should be removed because he did not know of the District's policy regarding grade challenges



@PFDesktop\::ODMA/WORLDOX/G:/DATA/1037/449/PL/S7042025.WPD

and because he claims to remember dropping the course. Plaintiff makes no other allegations against the District, yet, based on such vague and ambiguous allegations, claims that he is entitled to have his grade removed. Such allegations are insufficient and should be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**II.**

**A MOTION TO DISMISS PLAINTIFF'S COMPLAINT IS PROPER**

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction over the action. The plaintiff bears the burden of establishing subject matter jurisdiction and the court presumes lack of jurisdiction until the plaintiff proves otherwise. *(Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994).) A 12(b)(1) motion is appropriate when plaintiff's claim is barred by sovereign immunity. (Wright & Arthur R. Miller, Federal Practice & Procedure: Civil § 1350 (2d ed. 1990).)

A Rule 12(b)(6) motion tests the sufficiency of the complaint. (*Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001).) Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. (*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.") The court will not grant a motion to dismiss unless "no set of facts could support [plaintiffs'] claim which would entitle him to relief." (*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. (1996).)

**III.**

**THE DISTRICT IS IMMUNE UNDER THE ELEVENTH AMENDMENT**

The Eleventh Amendment to the United States Constitution embodies the principal of sovereign immunity and thus bars a federal court from hearing claims by individuals against instrumentalities of the state, their agencies, or the officials of those agencies, unless the state consents to a lawsuit, or Congress has expressly abrogated the state's immunity. (*Seminole Tribe v. Florida*, 517 U.S. 44 (1996).) Congress may abrogate a state's Eleventh Amendment

immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of Constitutional authority. (*Kimel v. Florida Board of Regents*, 528 U.S. 62, 73.) The ultimate guarantee of the Eleventh Amendment is that non-consenting states may not be sued by private individuals in federal court. (*Id.*)

Community colleges in California are agencies of the state. It is well settled that California schools and colleges are part of the state for Eleventh Amendment purposes and that schools, and school officials sued in their official capacity, are protected by the Eleventh Amendment. (*Mitchell v. Los Angeles Community College District*, 861 F.2d. 198, 201-202 (9th Cir. 1988); *Cerrato v. San Francisco Community District*, 26 F.3d. 968, 972-973 (9th Cir. 1994); *Belanger v. Madera U.S.D.*, 963 F.2d. 248 (9th Cir. 1992).) In general, the Eleventh Amendment bars a federal court from hearing claims by a citizen against dependent instrumentalities of the state. (*Cerrato*, *supra*, 26 F.3d. at 972) Community college districts are dependent instrumentalities of the state of California. (*Id.; Mitchell, supra*, 861 F.2d at 201-202.)

As such, dismissal of Plaintiff's Amended Complaint against the District is warranted because the District is an arm of the State of California entitled to sovereign immunity and because Congress has not abrogated such immunity for actions such as Plaintiff's.

## IV.

## PLAINTIFF'S COMPLAINT LACKS A COGNIZABLE LEGAL THEORY

Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. (*Robertson v. Dean Witter Reynolds, Inc.*, *supra,* 749 F.2d at 534.) Plaintiff has failed to allege any facts sufficient to ascertain the basis of Plaintiff's claim against the District. The only authority Plaintiff cites is California Education Code section 76224, which does not present a basis for a cause of action in California state courts, much less in federal court. Plaintiff makes only vague and ambiguous allegations about remembering having dropped the class. Plaintiff's Complaint is so lacking in sufficient factual allegations that it is impossible to ascertain the basis for Plaintiff's claim against the District. As such, Plaintiff's Amended Complaint should be dismissed.

///



@PFDesktop\::ODMA/WORLDOX/G:/DATA/1037/449/PL/S7042025.WPD

**V.**

**CONCLUSION**

Based on the foregoing, Defendant District respectfully requests that this Court dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) based on the District's immunity under the Eleventh Amendment to the United States Constitution and Plaintiff's failure to state a valid cause of action.

DATED: June 24, 2008

STUTZ ARTIANO SHINOFF & HOLTZ
*A Professional Corporation*

By: s/ Richard E. Romero
Ray J. Artiano
Richard E. Romero
Attorneys for Defendant SAN DIEGO COMMUNITY COLLEGE DISTRICT