# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK LAVELL,<br><br>  Plaintiff,<br>vs.<br>SAN DIEGO COMMUNITY COLLEGE DISTRICT,<br><br>  Defendant. | CASE NO. 08cv985 WQH (WMc)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss for Lack of Jurisdiction (Doc. # 3) filed by Defendant San Diego Community College District.

## **Background**

On June 3, 2008, Plaintiff initiated this action by filing the Complaint (Doc. # 1) against Defendant San Diego Community College District. The Complaint alleges in full:

> I am asking for this court to order a complete removal of BUSE 140 at Mesa Community College in Fall 2004 in accordance with California Education Code, Section 76224. The reason for asking this injunction is because I did not know of districts policy 3100 to challenge within two years. I thought the grade was permanent. The fact is my memory remembers dropping the class on reg-e. I did this because that's when I went off to basic and AIT. Once completed, I enrolled back in school. That's when I found out that I had an F. Discovering both district policy and State education code was due to recent activity. I never looked into it before. I concentrated on my grades. That was my goal. I dropped that class never going to one lecture.

*Complaint,* p. 1-2.

1  On June 24, 2008, Defendant filed the Motion to Dismiss for Lack of Jurisdiction. Defendant, a California community college district, contends that community colleges in California are agencies of the state. Defendant contends that "[i]t is well settled that California schools and colleges are part of the state for Eleventh Amendment purposes and that schools, and school officials sued in their official capacity, are protected by the Eleventh Amendment." *Mot. to Dismiss,* p. 3. Defendant moves to dismiss on grounds that Defendant is "an arm of the State of California [and] entitled to sovereign immunity," and that "Congress has not abrogated such immunity for actions such as Plaintiff's." *Id.*

Plaintiff has not filed an opposition to the Motion to Dismiss.

### **Applicable Law**

The Eleventh Amendment of the United States Constitution presupposes that "each State is a sovereign entity in our federal system," and that "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." *Seminole Tribe v. Florida,* 517 U.S. 44, 54 (1996). Congress may abrogate a State's Eleventh Amendment immunity "from suit in federal court only by making its intention unmistakably clear in the language of the statute." *Kimel v. Florida Board of Regents,* 528 U.S. 62, 73 (2000). "California cases demonstrate that California state colleges and universities are 'dependent instrumentalities of the state," and are therefore entitled to Eleventh Amendment immunity. *Mitchell v. Los Angeles Community College Dist.,* 861 F.2d 198, 202 (9th Cir. 1988); *see also Cerrato v. San Francisco Community College Dist.,* 26 F.3d 968, 972 (9th Cir. 1994) (holding that the Eleventh Amendment bars a federal court from hearing claims against community college districts in California because "community college districts are dependent instrumentalities of the state of California").

### **Ruling of the Court**

The only Defendant named in the Complaint is the San Diego Community College District, a community college district in California. However, the San Diego Community College District is immune from suit in federal court under the Eleventh Amendment. *See Mitchell,* 861 F.2d at 202. In light of the foregoing, the Court grants the Motion to Dismiss

1 for lack of jurisdiction.

2     IT IS HEREBY ORDERED that the Court **GRANTS** the Motion to Dismiss for Lack
3 of Jurisdiction (Doc. # 3).  The above-captioned action is **DISMISSED.**

DATED: October 21, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge